# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case No. CR-09-21-M |
| ) | (CIV-14-544-M) |
| JOHN CHARLES FLETCHER, ) | |
| ) | |
| Defendant-Movant. ) | |

## ORDER

Defendant-Movant John Charles Fletcher ("Fletcher"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence on May 23, 2014. On August 28, 2014, plaintiff-respondent United States of America filed its response to Fletcher's motion. On January 26, 2015, Fletcher filed his reply.

I.  Background

On August 4, 2009, a grand jury returned a Superseding Indictment charging Fletcher with various drug offenses. Specifically, Count 1 charged Fletcher was conspiracy to possess with intent to distribute and to distribute at least 5 kilograms of cocaine base (crack), in violation of 21 U.S.C. § 846; Counts 2-6, 8-13, 15-18, and 20-39 charged Fletcher with possession with intent to manufacture or distribute crack cocaine and manufacturing crack cocaine in violation of 21 U.S.C. § 841(a)(1); Counts 7 and 19 charged Fletcher with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and Count 14 charged Fletcher with maintaining a residence in furtherance of drug trafficking activities in violation of 21 U.S.C. § 856(a)(2).

A jury trial was held from April 19, 2011 through April 22, 2011. On April 22, 2011, the jury found Fletcher guilty on all counts. On October 19, 2011, the Court sentenced Fletcher to

imprisonment for life as to Counts 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 16, 17, 21, 22, 24, 25, 27, 28, 31, 32, 34, 35, 36, 37, 38, and 39; imprisonment for 360 months as to Counts 4, 15, 18, 20, 23, 26, 29, 30, and 33; imprisonment for 120 months as to Counts 7 and 19; and imprisonment for 240 months as to Count 14, all to run concurrently.

Fletcher appealed his conviction and sentence to the Tenth Circuit Court of Appeals. On appeal, Fletcher asserted the following arguments: (1) his rights under the Speedy Trial Act were violated; (2) the evidence was insufficient to support his conviction; (3) FBI Agent Clay Simmonds gave improper "overview" testimony; and (4) his sentence was improperly calculated because he was not a leader/organizer. In an unpublished opinion issued September 13, 2012, the Tenth Circuit affirmed Fletcher's conviction and sentence. *See United States v. Fletcher*, 497 F. App'x 795 (10th Cir. 2012). Fletcher filed a Petition for Writ of Certiorari, which was denied on May 28, 2013.

II.   Discussion

Fletcher asserts the following nineteen grounds in support of his § 2255 motion: (1) abuse of discretion by the Court in failing to conduct a colloquy with Fletcher to resolve a conflict of interest expressed by trial counsel; (2) ineffective assistance of trial counsel based upon neglecting to request a hearing concerning his expressed conflict of interest in representing Fletcher; (3) ineffective assistance of trial counsel based upon encouraging Fletcher to proceed to trial when Fletcher desired to enter a guilty plea to reduced charges; (4) abuse of discretion by the Court by allowing a law enforcement officer to provide expert testimony without approving any expert qualifications concerning the witness; (5) ineffective assistance of trial counsel based upon failing to object to the testimony of a law enforcement officer who had not received expert certification by the Court; (6) abuse of discretion by the Court by allowing a law enforcement officer to intrude upon

2

the province of the jury by providing testimony on the ultimate issue; (7) ineffective assistance of trial counsel based upon failing to object to the improper testimony of a law enforcement officer on the ultimate issue; (8) misconduct by the prosecution by allowing one of its witnesses to provide prejudicial overview testimony; (9) ineffective assistance of trial counsel based upon failing to object to improper overview testimony; (10) fatal variance resulting in Fletcher's indictment being constructively amended; (11) ineffective assistance of trial counsel based upon failure to object to the constructive amendment of Fletcher's indictment; (12) abuse of discretion of the Court in failing to give a multiple conspiracy instruction sua sponte when the evidence clearly required such an instruction; (13) ineffective assistance of trial counsel based upon neglecting to request a multiple conspiracy instruction; (14) error of the Court in failing to respond to a jury note with concrete accuracy; (15) ineffective assistance of trial counsel in failing to ensure the Court complied with due process in responding to a jury note; (16) abuse of discretion by the Court in ordering a competency examination of Fletcher without conducting the statutorily-mandated hearing; (17) ineffective assistance of counsel in failing to seek a hearing prior to the Court ordering a competency examination of Fletcher; (18) cumulative error; and (19) ineffective assistance of appellate counsel.

    A.      Conflict of interest (Grounds 1 and 2)

Fletcher contends that this Court abused its discretion because a colloquy was not conducted when his counsel expressed a possible conflict of interest involving representation of Fletcher. On March 29, 2011, this Court held a *James*[1] hearing in the underlying criminal case. At the beginning of the hearing, Fletcher's counsel stated, in part:

---

[1]*James v. United States*, 590 F.2d 575 (5th Cir. 1994)

> Mr. Fletcher indicates to me that he is going to take certain actions. He has, in no uncertain terms, made that clear. . . . The thing is, roughly to paraphrase or quote him, if you don't object to something, I'm going to. I can see this turning into a considerable lack of proper procedure and decorum. I thought it appropriate to inform the Court, and the Court might take what action that it thinks appropriate.

Transcript of *James* Hearing at 3-4. The Court then noted that it would recognize counsel and would not allow Fletcher to be disruptive to the proceedings. *See id.*

Having carefully reviewed the transcript of the *James* hearing, the Court finds that Fletcher's counsel never stated there was any conflict of interest between Fletcher and him. Further, the Court finds that the statements made by Fletcher's counsel did not indicate or imply that there was a conflict of interest between Fletcher and him. Additionally, Fletcher, himself, never indicated that there was a conflict of interest between his counsel and him.[2] Because the Court finds there was no conflict of interest expressed, implied or otherwise, to the Court, the Court finds it did not abuse its discretion in failing to conduct a colloquy/hearing. Further, because there was no abuse of discretion by the Court, the Court finds that Fletcher's trial counsel was not ineffective for failing to request a hearing.

Accordingly, the Court finds that Grounds 1 and 2 of Fletcher's § 2255 motion should be denied.

B. Ineffective assistance of counsel regarding entering a guilty plea (Ground 3)

To prevail on a claim of ineffective assistance of counsel, Fletcher must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this

---

[2]Based upon Fletcher's previous conduct in this case, including filing numerous pro se motions and letters, the Court is confident Fletcher would have advised the Court if he believed there was a conflict of interest.

4

> showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998). *See also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

In his motion, Fletcher asserts that during pretrial discussions with his counsel, he notified counsel that he desired to plead guilty to reduced charges in an effort to minimize sentence exposure. Specifically, Fletcher asserts that he directed counsel to propose to the government that nolo contendere pleas be accepted on no more than two (2) offenses of the government's choosing and that the government provide the further concession of waiving and/or withdrawing its enhancement notice filed pursuant to 21 U.S.C. § 851. Fletcher further asserts that his counsel instructed Fletcher to go to trial because "we can win this case."[3] Finally, Fletcher contends that a reasonable probability exists that, had counsel proposed a plea to the government as suggested by Fletcher, his prison sentence would have been less than the current sentence of life. In its response, the government states that while plea offers had been made to Fletcher and his various attorneys, each and every offer was rejected by Fletcher, and at the time referenced to by Fletcher in his motion, there were no further offers being made by the government.

---

[3]Fletcher's counsel denies this and states that he never gave any such advice to Fletcher.

Having carefully reviewed the parties' submissions, the Court finds that Fletcher has not shown that he was prejudiced by his attorney allegedly encouraging Fletcher to proceed to trial when Fletcher desired to enter a guilty plea to reduced charges. Specifically, the Court finds that Fletcher has not shown that at the time referenced, the government had made any plea offer or that the government would have accepted his offer to plea nolo contendre to no more than two offenses of the government's choosing, provided the government waived and/or withdrew its enhancement notice filed pursuant to 21 U.S.C. § 851. In fact, based upon the government's response and the Court's intimate familiarity with this case, the Court finds that the government would not have accepted Fletcher's offer. Thus, the Court finds that Fletcher has not shown that there is a reasonable probability that, but for his counsel's alleged error, the outcome of the proceedings would have been different; Fletcher has not shown that his sentence would have been less than the sentence that he received.

Accordingly, the Court finds that Ground 3 of Fletcher's § 2255 motion should be denied.

C.  "Expert testimony" of law enforcement officer (Grounds 4 and 5)

Fletcher contends that the Court abused its discretion by allowing Special Agent R. Clayton Simmonds of the Federal Bureau of Investigation to provide "expert" testimony without establishing the expert qualifications of the witness. The issue of whether the "expert testimony" of Agent Simmonds should have been admitted was addressed by the Tenth Circuit in Fletcher's direct appeal. The Tenth Circuit found "we have consistently permitted law enforcement agents to provide expert testimony concerning the drug trade. The district court did not abuse its discretion permitting Agent Simmonds' testimony." *United States v. Fletcher*, 497 F. App'x 795, 805 (10th Cir. 2012) (internal citation omitted).

6

Issues previously considered and disposed of on direct appeal will not be considered in a § 2255 motion in the absence of an intervening change in the law. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Because there has not been an intervening change in the law, the Court will not consider the issue of whether the "expert testimony" of Agent Simmonds should have been admitted. Further, in light of the Tenth Circuit's finding, the Court finds that Fletcher's counsel was not ineffective for failing to object to the testimony of a law enforcement officer who had not received expert certification by the Court.

Accordingly, the Court finds that Grounds 4 and 5 of Fletcher's § 2255 motion should be denied.

### D. Testimony by law enforcement officer on the ultimate issue (Grounds 6 and 7)

Fletcher asserts that the Court abused its discretion by allowing Agent Simmonds to testify regarding an ultimate issue in the case. Specifically, Fletcher asserts that Agent Simmonds invaded the jury's province by conclusively stating Fletcher was a drug dealer.[4] Having reviewed the trial transcript of Agent Simmonds' testimony, the Court finds that during Agent Simmonds' testimony, Agent Simmonds never stated conclusively or otherwise that Fletcher was a drug dealer. Agent Simmonds, therefore, did not invade the jury's province by testifying regarding an ultimate issue in the case. Accordingly, the Court finds that it did not abuse its discretion by allowing the testimony of Agent Simmonds. Further, because there was no abuse of discretion by the Court, the Court finds that Fletcher's trial counsel was not ineffective for failing to object to the testimony of Agent Simmonds.

---

[4] In his motion, Fletcher cites to testimony of Agent Simmonds at the *James* hearing in this case, not the jury trial.

Accordingly, the Court finds that Grounds 6 and 7 of Fletcher's § 2255 motion should be denied.

E. Overview testimony (Grounds 8 and 9)

Fletcher contends the prosecution caused his trial to become fundamentally unfair, resulting in misconduct, when Agent Simmonds was permitted to provide prejudicial overview testimony before any witness had testified. The issue of whether the overview testimony of Agent Simmonds should have been admitted was addressed by the Tenth Circuit in Fletcher's direct appeal. The Tenth Circuit found that this testimony was "not prohibited 'overview' testimony which usurped, or unduly impacted, the jury's role in determining the facts." *Fletcher*, 497 F. App'x at 805. Because there has not been an intervening change in the law, the Court will not consider the issue of whether the overview testimony of Agent Simmonds should have been admitted. Further, in light of the Tenth Circuit's finding, the Court finds that Fletcher's counsel was not ineffective for failing to object to the overview testimony.

Accordingly, the Court finds that Grounds 8 and 9 of Fletcher's § 2255 motion should be denied.

F. Constructive amendment (Grounds 10 and 11)

Fletcher contends that the evidence presented at trial by the government proved the possibility of more than one conspiracy, rather than the single narcotics conspiracy alleged in the Superseding Indictment. Fletcher asserts that this alteration of the evidence resulted in a material and prejudicial variance which requires that petitioner's conviction and sentence be vacated. Further, Fletcher asserts that the government failed to produce sufficient evidence to sustain a

conviction against him for the narcotics conspiracy alleged in Count One of the Superseding Indictment.

The issue of whether there was sufficient evidence to sustain a conviction against Fletcher for the narcotics conspiracy, and particularly whether the evidence was sufficient to demonstrate interdependence, was addressed by the Tenth Circuit in Fletcher's direct appeal. The Tenth Circuit found that the evidence was sufficient to support Fletcher's conviction, and specifically that the evidence was sufficient to demonstrate interdependence. *See Fletcher*, 497 F. App'x at 802-03. Because there has not been an intervening change in the law, the Court will not consider the issue of whether there was sufficient evidence to sustain a conviction against Fletcher for the narcotics conspiracy. Further, in light of the Tenth Circuit's finding, the Court finds that Fletcher's counsel was not ineffective for failing to object to the constructive amendment of the Superseding Indictment.

Accordingly, the Court finds that Grounds 10 and 11 of Fletcher's § 2255 motion should be denied.

G. Multiple conspiracy jury instruction (Grounds 12 and 13)

Fletcher contends that this Court abused its discretion in failing to give a multiple conspiracy instruction sua sponte when the evidence required such an instruction. Specifically, Fletcher asserts that after hearing all of the testimony, the Court, in order to avoid a prejudicial spillover effect of unrelated evidence, should have sua sponte given a multiple conspiracy instruction to the jury. The Tenth Circuit has held that "a failure to instruct the jury on uncharged multiple conspiracies is not reversible error as long as the jury instructions adequately conveyed that the government had the burden of proving beyond a reasonable doubt the [single] conspiracy as alleged, . . . ." *United States*

9

*v. Evans*, 970 F.2d 663, 675 (10th Cir. 1992) (internal quotations and citations omitted). Having carefully reviewed the jury instructions given in this case, the Court finds the jury instructions fairly and adequately conveyed that the government had the burden of proving beyond a reasonable doubt the single conspiracy alleged in Count 1 of the Superseding Indictment. Accordingly, the Court finds that this Court did not abuse its discretion in failing to give a multiple conspiracy instruction sua sponte. Further, because there was no abuse of discretion by the Court, the Court finds that Fletcher's trial counsel was not ineffective for neglecting to request a multiple conspiracy instruction.

Accordingly, the Court finds that Grounds 12 and 13 of Fletcher's § 2255 motion should be denied.

H.    Jury note (Grounds 14 and 15)

Fletcher asserts that this Court committed error in failing to respond to a jury note with concrete accuracy. During jury deliberations, the jury requested the Court's definition of interdependence. *See* Jury Note [docket no. 689] at 2. The Court, after conferring with counsel for the government and Fletcher's counsel, responded that the jury had "all the law, evidence and definitions in this case before you." Response to Jury Note No. 1 [docket no. 689] at 3. Further, Jury Instruction No. 21 provided a definition of interdependence. *See* Jury Instruction No. 21 [docket no. 688] at 40. Having carefully reviewed the parties' submissions, the jury note and the Court's response, and the jury instructions given in this case, the Court finds that the Court did not err in its response to the jury's note. Further, because there was no error by the Court, the Court finds that Fletcher's trial counsel was not ineffective for failing to ensure the Court complied with due process in responding to the jury note.

Accordingly, the Court finds that Grounds 14 and 15 of Fletcher's § 2255 motion should be denied.

I.   Competency examination (Grounds 16 and 17)

Fletcher contends that this Court abused its discretion by ordering a competency examination over his objections. Further, Fletcher contends the Court was obligated to conduct a hearing prior to issuing an order for competency examination. On September 21, 2009, defendant's counsel, James A. Drummand,[5] filed an Unopposed Motion for Psychiatric Examination [docket no. 450]. On September 28, 2009, the Court granted the motion for psychiatric examination. *See* September 28, 2009 Order [docket no. 457]. After receiving the report from the doctors, the Court held a competency hearing on January 20, 2010, at which Aleah Buffaloe and Dr. Christina Pietz were called as witnesses. On January 27, 2010, the Court issued an order finding Fletcher competent to stand trial. *See* January 27, 2010 Order [docket no. 523].

Title 18, United States Code, Section 4241 provides, in pertinent part:

> **(a) Motion to determine competency of defendant.** – At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
> **(b) Psychiatric or psychological examination and report.** – Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

---

[5]Mr. Drummand was Fletcher's second appointed attorney in this case.

18 U.S.C. § 4241(a),(b).

Upon review of the parties' submissions and the court file in this case, the Court finds that the Court did not abuse its discretion in relation to the competency examination or the competency hearing. Specifically, the Court finds there was reasonable cause shown to justify the psychiatric examination and the competency hearing. Further, the Court finds its actions were in compliance with 18 U.S.C. § 4241(a),(b). Additionally, because there was no abuse of discretion by the Court, the Court finds that Fletcher's counsel was not ineffective for failing to seek a hearing prior to the Court ordering a competency examination of Fletcher.

Accordingly, the Court finds that Grounds 16 and 17 of Fletcher's § 2255 motion should be denied.

### J. Cumulative error (Ground 18)

Fletcher contends that the cumulative error doctrine requires that a new trial be ordered in this case. "A cumulative-error analysis merely aggregates all the errors that individually have been found to be harmless, and therefore not reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *United States v. Rivera*, 900 F.2d 1462, 1470 (10th Cir. 1990). As set forth above, the Court has found no errors in relation to the issues raised by Fletcher. Accordingly, the Court finds that the cumulative error doctrine does not require a new trial be ordered in this case. The Court, therefore, finds that Ground 18 of Fletcher's § 2255 motion should be denied.

### K. Ineffective assistance of appellate counsel (Ground 19)

Fletcher contends that his appellate counsel's representation was ineffective because Fletcher presented counsel with each of the grounds set forth in his § 2255 motion and counsel declined to

investigate and/or determine whether these were meritorious claims to be presented on appeal. Because this Court has found that all of the previous grounds raised by Fletcher in support of his § 2255 motion are without merit, the Court finds his appellate counsel was not ineffective for failing to investigate and/or raise these claims on appeal. Accordingly, the Court finds that Ground 19 of Fletcher's § 2255 motion should be denied.

III. Evidentiary Hearing

As set forth above, Fletcher's motion does not set forth a basis for relief from his conviction and sentence. Because that conclusion is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

IV. Conclusion

Accordingly, the Court DENIES Fletcher's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 26th day of May, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE